UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE JONES,

        Petitioner,               Case Number: 2:14-CV-14435
                                              HONORABLE ARTHUR J. TARNOW
v.

KENNETH ROMANOWSKI,

        Respondent.
_____/

## OPINION AND ORDER TRANSFERRING CASE TO THE
## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner Maurice Jones, a Michigan state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court determines that this is a successive habeas corpus petition and, therefore, orders it transferred to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631[1] and 28 U.S.C. § 2244(b)(3)(A).

Jones challenges his 1980 first-degree felony murder conviction, rendered in Recorder's Court for the City of Detroit. In 2010, Johnson filed a habeas corpus petition in this Court challenging the same conviction challenged in this petition. The petition

---

[1] 28 U.S.C. § 1631 provides, in relevant part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . .

was denied because it was not timely filed. *See* 1/13/11 Order Adopting Magistrate Judge's Report and Recommendation, Granting Respondent's Motion for Summary Judgment, and Dismissing Petitioner's Habeas Action, *Jones v. McQuiggin*, No. 10-cv-10043, dkt. # 15 (Rosen, C.J.).

Before a prisoner may file a habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). When a habeas corpus petition is dismissed based on a procedural bar, such a dismissal is a dismissal "on the merits." *In re Cook*, 215 F. 3d 606, 607 (6th Cir. 2000). Therefore, Petitioner's prior habeas petition, which was dismissed as untimely, was a dismissal on the merits. Petitioner has not obtained from the Court of Appeals for the Sixth Circuit authorization to file a successive petition in this court. The Sixth Circuit has held that when a second or successive petition for habeas corpus relief is filed in the district court without prior authorization, the district court must transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Court **ORDERS** the Clerk of Court to transfer this case to the United States Court of Appeals.

                                           s/Arthur J. Tarnow
                                           ARTHUR J. TARNOW
                                           UNITED STATES DISTRICT JUDGE

Dated: December 9, 2014